11-1968-ag
Boveda v. Holder

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of February, two thousand twelve.

PRESENT: BARRINGTON D. PARKER,
         RICHARD C. WESLEY,
         SUSAN L. CARNEY,
                  *Circuit Judges.*

_____

CAROLINA ELIZABET BOVEDA, FLORENCIA
ANDREA BOVEDA,
         *Petitioners,*

         v.                                    11-1968-ag
                                               NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
         *Respondent.*


_____

FOR PETITIONER:       **MATTHEW L. KOLKEN, Kolken & Kolken,
                      Buffalo, New York.**

FOR RESPONDENT:       **TONY WEST, Assistant Attorney
                      General (Terri J. Scadron, Assistant
                      Director, Siu P. Wong, Trial
                      Attorney, Office of Immigration
                      Litigation,** *on the brief***),** *for* **Eric
                      H. Holder, Jr., United States
                      Attorney General, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DISMISSED, in part, and DENIED, in part.

Petitioners Carolina Elizabet Boveda and Florencia Andrea Boveda, sisters, natives and citizens of Argentina, seek review of an April 21, 2011 order of the BIA, affirming a March 20, 2009 decision of Immigration Judge ("IJ") Philip J. Montante, Jr., which pretermitted their applications for asylum and denied their applications for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Carolina Elizabet Boveda, Florencia Andrea Boveda*, Nos. A099 757 097/098 (B.I.A. Apr. 21, 2011), *aff'g* Nos. A099 757 097/098 (Immig. Ct. Buffalo Mar. 20, 2009). We assume the parties' familiarity with the underlying facts, procedural history, and issues presented for review.

Under the circumstances of this case, we review the IJ's decision as supplemented by the BIA. *See Ming Xia Chen v. Bd. of Immigration Appeals*, 435 F.3d 141, 144 (2d Cir. 2006). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

2

We do not have jurisdiction to review the agency's finding that Petitioners' asylum applications were untimely under 8 U.S.C. § (a)(2)(B), or its finding of neither changed nor extraordinary circumstances excusing the untimeliness under 8 U.S.C. § 1158(a)(2)(D). *See* 8 U.S.C. § 1158(a)(3). Although we retain jurisdiction to review questions of law and constitutional claims, 8 U.S.C. § 1252(a)(2)(D), Petitioners' challenge to the IJ's finding that they did not establish changed circumstances is simply a challenge to the agency's fact-finding, over which we do not have jurisdiction. Accordingly, we dismiss the petition with respect to asylum and address only Petitioners' challenge to the denial of withholding of removal and CAT relief.

The agency did not err in finding that the harm Petitioners suffered in Argentina did not rise to the level of persecution. *See Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341-42 (2d Cir. 2006). Here, Carolina described an incident in 2000 where a man grabbed her arm and threatened her. This did not "rise above mere harassment." *Tian-Yong Chen v. U.S. Immigration and Naturalization Serv.*, 359 F.3d 121, 128 (2d Cir. 2004) (internal quotation marks and citations omitted).

Similarly, while Petitioners argue that they have indirectly received threats from their uncle, courts have "rejected [persecution] claims involving 'unfulfilled' threats." *Gui Ci Pan v. U.S. Attorney Gen.*, 449 F.3d 408, 412 (2d Cir. 2006) (citations omitted). Although Petitioners assert that the kidnaping of their father rose to the level of persecution, as the agency correctly noted, persecution of family members cannot form the basis for a finding of past persecution of Petitioners. *See Melgar de Torres v. Reno*, 191 F.3d 307, 313 n.2 (2d Cir. 1999).

The agency also did not err in finding that Petitioners failed to establish a well-founded fear of future persecution. *See Jian Xing Huang v. U.S. Immigration and Naturalization Serv.*, 421 F.3d 125, 129 (2d Cir. 2005) (holding that absent solid support in the record for the petitioner's assertion that he would be persecuted, his fear was "speculative at best"). In making this determination, the agency reasonably relied on the fact that their similarly-situated sister, who is also a member of the New Apostolic Church and not active in politics, has continued to live in Argentina unharmed. *See Melgar de Torres*, 191 F.3d at 313. In addition, Petitioners failed to demonstrate that their fear was objectively reasonable by supporting

4

their contention that their uncle was involved in human trafficking with testimony of a single threat by an individual who accosted Carolina and vague statements that they learned about their uncle's threats from their father. *See Jian Xing Huang*, 421 F.3d at 128-29. There is also no support for Petitioners' contention that credible testimony alone, regardless of its level of detail, is sufficient as a matter of law to demonstrate entitlement to relief. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 162 (2d Cir. 2008) (while "credible testimony was sufficient to demonstrate a genuine subjective fear of future persecution, more was needed to demonstrate the objective reasonableness of that fear"). Under these circumstances, the agency did not err in finding that Petitioners failed to establish a well-founded fear of persecution. *See Jian Xing Huang*, 421 F.3d at 129; *Melgar de Torres*, 191 F.3d at 313.

Because Petitioners were unable to show either past persecution or a clear probability of future persecution in Argentina, the agency did not err in denying Petitioners' applications for withholding of removal, as well as their applications for CAT relief, as those claims were based on the same factual predicate. *See* 8 C.F.R. § 1208.16(b)(1); *Paul v. Gonzales*, 444 F.3d 148, 155-56 (2d Cir. 2006); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004).

5

For the foregoing reasons, the petition for review is DISMISSED, in part, and DENIED, in part.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk